19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnel WALKER, Jr., Plaintiff-Appellant,
v.
Kenneth WOODS, Police Officer for the City of Lansing,
Michigan, Defendant-Appellee.
 No. 93-1967.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se Michigan plaintiff appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive, declaratory and monetary relief, Darnel Walker, Jr., alleged that defendant, a police officer for the city of Lansing, Michigan, arrested him on drug trafficking charges following an illegal traffic stop in violation of the Fourth Amendment. The parties filed cross motions for summary judgment and consented to disposition by the magistrate judge under 28 U.S.C. Sec. 636(c)(1).
 
 
 3
 Upon review, we conclude that summary judgment in favor of the defendant was proper because there exist no genuine issues of material fact and defendant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(c); United States v. TRW, Inc., 4 F.3d 417, 423 (6th Cir.1993), petition for cert. filed, 62 U.S.L.W. 3522 (U.S. Jan. 19, 1994) (No. 93-1204).
 
 
 4
 Material facts are not in dispute. As part of a drug trafficking investigation, undercover police officers took a Polaroid photograph of Walker and obtained information about his identity. The photograph and evidence from an alleged drug sale were delivered to the Lansing Police Department and a warrant was issued for Walker's arrest. On September 27, 1989, defendant stopped Walker's vehicle, purportedly because the license registration had expired. After confirming Walker's identity, defendant arrested Walker pursuant to the warrant issued on the drug trafficking offense.
 
 
 5
 Walker maintained that factual issues exist concerning the reason for the stop. Defendant testified at subsequent criminal proceedings that he stopped the vehicle because he recognized Walker from the photograph, which he referred to as a "mug shot." Defendant also alleged that he learned about the warrant from an information packet or bulletin distributed to certain members of the police department. Walker maintained that defendant's statements are untrue because a Freedom of Information Act request for a copy of the mug shot and relevant documents was denied on grounds that the requested items could not be found. The dispute over the existence of a mug shot of the plaintiff and the information packet is not material because it does not affect the outcome of the lawsuit. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 6
 Defendant is entitled to judgment on the basis of qualified immunity. Walker claimed that the traffic stop resulting in his arrest violated the Fourth Amendment. He did not challenge the validity of the underlying warrant for his arrest on drug charges. Walker argued instead that because no mug shot could be found to satisfy the Freedom of Information Act request, defendant could not have recognized him and, therefore, probable cause to stop his vehicle was lacking. Walker's argument is unavailing.
 
 
 7
 The issue on appeal is not whether probable cause existed but whether defendant acted reasonably in light of clearly established law when he decided to stop Walker's vehicle. See Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir.1988). An officer is entitled to qualified immunity unless the contours of the right asserted by the plaintiff are so clear that a reasonable officer in the defendant's position would understand that what he is doing violates that right. Anderson v. Creighton, 483 U.S. 635, 640 (1987). To overcome a claim of qualified immunity, the plaintiff must do more than assert the violation of a broadly stated right; he must set out a particular and clearly established violation of that right. Garvie, 845 F.2d at 650. Walker's assertions that the traffic stop was pretextual and that defendant lied about having seen a mug shot of him are insufficient to meet this standard.
 
 
 8
 Viewing the evidence in a light favorable to the plaintiff, see Anderson, 477 U.S. at 255, we conclude that the defendant acted reasonably when he stopped the vehicle. Where the police seek to locate a person suspected of involvement in a past crime, the ability to briefly stop that person to check identification, even in the absence of probable cause, is consistent with the Fourth Amendment. See United States v. Hensley, 469 U.S. 221, 226, 229 (1985). A brief stop to ascertain the identity of an individual is permissible even when the information supplying the reasonable suspicion is based on the observations of another person, in this case, information from the undercover officers. See United States v. Barnes, 910 F.2d 1342, 1343-44 (6th Cir.1990). There is no clearly established right that a stop is unlawful absent specific documentation of the information supplying the reasonable suspicion.
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.